UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN PATRICK GUNTRUP,<br><br>　Plaintiff<br><br>v.<br><br>WASHOE COUNTY JAIL, et. al.,<br><br>　Defendants | Case No.: 3:18-cv-00243-RCJ-WGC<br><br>**Order** |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and has now filed his third amended complaint (ECF No. 7).

## I. APPLICATION TO PROCEED IFP

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

When Plaintiff originally submitted this action for filing, he included an application to proceed in forma pauperis for an inmate. (ECF No. 1.) An inmate is required to submit a financial certificate from the institution where he is confined that sets forth his average monthly account balance and deposits for the past six months. Plaintiff did so, but it was not signed by any authorized officer on behalf of the institution. Plaintiff then filed an amended complaint, which the court directed Plaintiff to file a new amended complaint because the amended complaint was too light to be legible. Plaintiff filed a second amended complaint on March 20, 2019, and then a third amended complaint (TAC) on April 1, 2019. Since that time, he has changed addresses twice, and it now appears he is out of custody. (*See* ECF No. 9.)

Therefore, the Clerk shall send Plaintiff the instructions and form for an application to proceed IFP for a non-inmate, and Plaintiff shall complete and file that form within 30 days.

## **II. SCREENING**

For plaintiffs proceeding IFP, the court is required to screen the complaint under 28 U.S.C. § 1915(e)(2), which requires dismissal of a case that is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the

court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The court has undertaken a preliminary review of Plaintiff's TAC. (ECF No. 7.) The TAC names the Washoe County Jail, Dr. Candice (Parr medical), Dr. John Doe (psychiatric Parr medical), Mrs. Anna Swanson (Washoe Public Defender), Dr. John Doe (mental health, Lakes Crossing), Dr. John Doe (mental health, Sierra Regional Center). Plaintiff alleges that he was arrested for obtaining a check from a guy for helping him push his car to the gas station. Later that guy showed up in the jail, and he signed a form stating that this was the person who forged the check to Plaintiff, and he swore his innocence. He states that his public defender (Anna Swanson) explained the charges were changed to possession of a stolen check. He claims the documents that said he did not forge the check were never delivered to the judge. On these facts, he believes his rights were violated. He goes on to allege that during his stay in the jail, his public defender and the judge tried to have him deemed incompetent by having him evaluated by Sierra Regional Center, Lakes Crossing, the psychiatric department of the jail, but their "prognoses" were negative.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983). The "threshold

4

inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id*. (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

First, Plaintiff does not identify the specific constitutional rights at issue.

As to the Washoe County Jail, this is essentially a suit against Washoe County. Municipalities can be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-05 (1978). "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria,* 915F.3d 592, 602-03 (9th Cir. 2019). A municipality may not be sued under a respondeat superior theory. *Id.* at 603 (citing *Monell*, 436 U.S. at 693-95). "A plaintiff must therefore show '*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id*. (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 415 (1997)). Plaintiff alleges no facts that would subject Washoe County to liability. Therefore, his complaint is dismissed with leave to amend as to Washoe County.

Plaintiff mentions that his public defender, Ms. Swanson, sought to have him deemed incompetent by having him evaluated by Sierra Regional Center, Lakes Crossing, and the psychiatric department of the jail, but does not identify how this violated his constitutional rights. In any event, a public defender is not a State actor for purposes of section 1983 when acting in the role of advocate. *See See Georgia v. McCollum,* 505 U.S. 42, 53 (1992); *Polk County v.*

*Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). The court is doubtful Plaintiff can state a claim against his public defender based on these facts, but because it is not clear to a certainty that he cannot amend to state a claim, any claim against Ms. Swanson will be dismissed with leave to amend. Plaintiff will need to state *facts* that support a claim of liability and the constitutional right he claims she violated.

Finally, Plaintiff names Dr. Candice (Parr medical), Dr. John Doe (psychiatric Parr medical), (Washoe Public Defender), Dr. John Doe (mental health, Lakes Crossing), Dr. John Doe (mental health, Sierra Regional Center). Other than stating that he was evaluated for competency by these persons, Plaintiff does not state any facts that give rise to a constitutional claim against them. It is unclear whether this deficiency could be cured; therefore, any claims against these defendants will be dismissed with leave to amend. The court notes that as a general rule, the use of "Doe" pleading to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); however, the court recognizes there are situations "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id*. As such, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." If Plaintiff eventually states a colorable claim against the doe defendants, Plaintiff may move to amend to assert the true identity of the defendants in the future.

In sum, the court will dismiss the TAC with leave to amend so that Plaintiff may attempt to correct the deficiencies noted above. If an amended complaint is not filed, the undersigned will recommend dismissal of this action with prejudice. If an amended complaint is filed, the court will screen it under the standard outlined above.

6

### III. CONCLUSION

(1) The Clerk shall **SEND** Plaintiff the instructions and form for an application to proceed IFP for a non-prisoner. Plaintiff has **30 days** from the date of this Order to file a completed IFP application or pay the $400 filing fee ($350 filing fee and $50 administrative fee). If this is not done, the action may be dismissed.

(2) The TAC (ECF No. 7) is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "FOURTH AMENDED COMPLAINT." If Plaintiff fails to file a fourth amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: July 15, 2019

_____
William G. Cobb
United States Magistrate Judge